MR. CHIEF JUSTICE HODGES
delivered the Opinion of the Court.
This is an original proceeding in which the People seek relief in the nature of prohibition. We issued an order to show cause why respondent district court’s ruling, which reduced a first-degree kidnapping charge from a class one felony to a class two felony, should not be vacated. We now make the rule absolute.
The defendant was charged with class one felony first-degree kidnapping, first-degree sexual assault, and conspiracy. The charges arose out of an incident in which defendant and five companions at knife point forced a nineteen year old woman into their car, drove to a cornfield, and forced her to submit to repeated acts of sexual intercourse.
On September 21, 1978, a preliminary hearing was held before the respondent district court. At the conclusion of the hearing, the respondent district court reduced the first-degree kidnapping count from a class one felony to a class two felony.
The first-degree kidnapping statute, sectipn 18-3-301, C.R.S. 1973 (1978 Repl. Vol. 8), reads as follows:
“18-3-301. First Degree Kidnapping. (1) Any person who does any of the following acts with the intent thereby to force the victim or any other person to make any concession or give up anything of value in order to secure a release of a person under the offender’s actual or apparent control commits first degree kidnapping:
“(a) Forcibly seizes or carries any person from one place to another;
“(b) Entices or persuades any person to go from one place to another; or “(c) Imprisons or forcibly secretes any person.
“(2) Whoever commits first degree kidnapping is guilty of a class 1 felony if the person kidnapped shall have suffered bodily injury; but no person convicted of first degree kidnapping shall suffer the death penalty if the person kidnapped was liberated alive prior to the conviction of the kidnapper.
“(3) Whoever commits first degree kidnapping commits a class 2 felony if, prior to his conviction, the person kidnapped was liberated unharmed.” (Emphasis added.)
Although in the present case the respondent court found evidence of “bodily injury,” it concluded that a reduction from a class one felony to a class two felony was mandated by section 18-3-301(3), C.R.S. 1973 (1978 Repl. Vol. 8), because it found that the person kidnapped was “liberated unharmed.” We hold that the respondent court’s interpretation of section *487 18-3-301 contravenes the plain meaning and the purpose of the statute. Accordingly, we expressly disapprove it. Subsection (2) provides that where the victim has suffered “bodily injury,” the kidnapper is guilty of a class one felony. Subsection (3) establishes correspondingly that where the victim is “liberated unharmed” — i.e., without having suffered bodily injury — then the kidnapper is guilty of a class two felony.
In People v. Hines, 194 Colo. 284, 572 P.2d 467 (1977), this court held that a first-degree kidnapping offense constitutes a class one felony if the victim suffers “bodily injury.” In upholding the class one felony conviction of the defendant, this court in Hines stated:
“To support a finding of bodily injury the prosecution must prove that at least some physical pain, illness, or physical or mental impairment, however slight, was caused by the kidnapping.”
In the present case, the respondent district court’s finding that the victim suffered bodily injury was supported by the evidence that she sustained a vaginal tear and that she suffered the physical pain of being raped by six men. See State v. Oakes, 373 A.2d 210 (Del. 1977) (finding that rape constitutes harm to kidnap victim). Accordingly, the court’s legal conclusion that the facts were not sufficient to charge the defendant with a class one felony was erroneous.
The rule is made absolute, and the original information charging the defendant with the class one felony of first-degree kidnapping is ordered reinstated
MR. JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.